UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| BORIS AYALA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 2:06-cr-00056-GZS |
| | ) | 2:14-cv-00251-GZS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Boris Ayala pleaded guilty to drug conspiracy charges involving crack and powder cocaine. (Judgment, ECF No. 63.) Pursuant to 28 U.S.C. § 2255, Petitioner filed the pending second or successive motion to vacate, set aside or correct his sentence. (Motion, ECF No. 148.) In his motion, he argues that he is entitled to relief pursuant to section 2255(f)(3), (4), based in part on the recent Supreme Court case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Motion at 7.) After a review of Petitioner's motion, the recommendation is that the Court dismiss the motion because it is a second or successive section 2255 motion and as such is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).[1]

---

[1] Title 28 U.S.C. § 2255(h) states:

  A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Judgment in the underlying criminal case was entered in April 2007 when the Court sentenced Petitioner to an aggregate term of 262 months in prison, followed by a life term of supervised release with a condition of deportation in accordance with the procedures of the Immigration and Naturalization Act, 8 U.S.C. § 1101, *et seq.* (ECF No. 63.) Petitioner appealed from the conviction and sentence. The First Circuit affirmed the judgment. *United States v. Ayala*, 290 F. App'x 366 (1st Cir. 2008) (unpublished).

Petitioner filed his first section 2255 motion in January 2010, in which motion Petitioner claimed ineffective assistance of counsel at sentencing and on appeal. (ECF No. 115.) In September 2010, this Court denied the motion without an evidentiary hearing. (ECF Nos. 126, 128.) The First Circuit subsequently denied Petitioner's application for a certificate of appealability. (ECF No. 132.)

In November 2012, Petitioner filed a motion to modify his sentence, pursuant to 18 U.S.C. § 3582. (ECF No. 134.) This Court denied the motion. (ECF No. 135.) The First Circuit later affirmed the judgment. (ECF No. 146.) The First Circuit concluded that Petitioner was not eligible for a sentencing reduction. The Court added:

> Ayala ventures that a lesser quantity of powder should have been imputed to him at sentencing, but a § 3582(c)(2) motion and appeal is not the correct vehicle for such an argument. Further, the record does not support any inference that Ayala was, on any prior occasion, denied relief on the basis of an assumption that his crack quantity alone justified the offense level applied to him under the United States Sentencing Guidelines.
>
> Ayala also invokes *Alleyne v. United States*, 133 S.Ct. 2151 (2013), as grounds for relief, but Alleyne concerned statutory mandatory minimums. Ayala was not sentenced to a statutory mandatory minimum. The kind of judicial fact-finding under the advisory sentencing guidelines presented here does not implicate *Alleyne*.

(Judgment, ECF No. 146 at 1-2.)

In the pending motion, Petitioner once again attempts an *Alleyne*-based argument. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). This Court thus lacks jurisdiction over the pending motion unless and until Petitioner obtains leave to file the motion in accordance with sections 2244(b)(3)(A), 2255(h). *See also* First Circuit Local Rule 22.1.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court dismiss Petitioner's section 2255 motion, and deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2014